**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAYLOR LEE REYNOLDS; and CONNIE B. EVANS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HOMECOMINGS FINANCIAL NETWORK, INC., <br><br> Defendant, <br><br> and <br><br> GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC; and FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Defendants - Appellees. | No. 13-15339 <br><br> D.C. No. 3:11-cv-00910-RCJ-VPC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted April 15, 2015[]
San Francisco, California

Before:  KOZINSKI and GRABER, Circuit Judges, and BENSON,[***] Senior District Judge.

Plaintiffs Taylor Lee Reynolds and Connie B. Evans appeal the district court's partial dismissal of their complaint and partial grant of summary judgment to Defendants.  Reviewing de novo, Lopez-Valenzuela v. Arpaio, 770 F.3d 772, 777 (9th Cir. 2014) (en banc), petition for cert. filed, 83 U.S.L.W. 3631 (U.S. Jan. 13, 2015) (No. 14-825), we affirm.

1.  Because Plaintiffs failed to raise to the district court their argument concerning the endorsement of the note, the argument is waived.  O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007).  In any event, it is unpersuasive.  In Nevada, "a promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise."  Edelstein v. Bank of N.Y. Mellon, 286 P.3d 249, 257 (Nev. 2012) (en banc).  As the district court explained, the deed of trust was transferred validly to the foreclosing entity, GMAC Mortgage, LLC.  Because GMAC Mortgage was the beneficiary of the deed and

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Dee V. Benson, Senior United States District Judge for the District of Utah, sitting by designation.

the holder of the note, it had authority to foreclose on the property.  <u>Id.</u> at 255.  The district court properly granted summary judgment.

2.  Contrary to Plaintiffs' argument, "a mortgage note is a negotiable instrument."  <u>Leyva v. Nat'l Default Servicing Corp.</u>, 255 P.3d 1275, 1279 (Nev. 2011).

3.  We have considered Plaintiffs' other arguments and find none persuasive.

**AFFIRMED.**